

Your Missouri Courts    ase.net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print     Logon

### 2011-AC04215 - TRACY HERMAN V PERFORMANT RECOVERY INC (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending     Display Options: All Entries

---

**10/21/2020**

**Corporation Served**
Document ID - 20-ADSM-3710; Served To - PERFORMANT RECOVERY, INC; Server - RAYMOND, RICHARD; Served Date - 25-SEP-20; Served Time - 10:55:00; Service Type - Special Process Server; Reason Description - Served; Service Text - SERVED BONNIE LOVE - SENIOR PROCESS SPECIALIST

**Notice of Service**
PROOF OF SERVICE.
    **Filed By:** DOMINIC M PONTELLO
    **On Behalf Of:** TRACY HERMAN

**10/19/2020**

**Civil Setting Scheduled**
    **Scheduled For:** 11/17/2020; 9:00 AM ; MATTHEW E P THORNHILL; Setting: 1; St Charles Circuit Div

**Hearing Continued/Rescheduled**
CONTINUED TO 11/17/20 AT 9 AM. JM
    **Hearing Continued From:** 10/20/2020; 9:00 AM Civil Setting

**Motion for Continuance**
Motion to Continue.
    **Filed By:** DOMINIC M PONTELLO
    **On Behalf Of:** TRACY HERMAN

**09/02/2020**

**Order - Special Process Server**
    **Associated Entries:** 08/31/2020 - Motion Special Process Server

**Summons Issued-Associate**
Document ID: 20-ADSM-3710, for PERFORMANT RECOVERY, INC. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. EPP

**Civil Setting Scheduled**
    **Associated Entries:** 10/19/2020 - Hearing Continued/Rescheduled
    **Scheduled For:** 10/20/2020; 9:00 AM ; MATTHEW E P THORNHILL; Setting: 1; St Charles Circuit Div

**08/31/2020**

**Filing Info Sheet eFiling**
    **Filed By:** DOMINIC M PONTELLO

**Motion Special Process Server**
MOTION FOR SPECIAL PROCESS SERVER.
    **Filed By:** DOMINIC M PONTELLO
    **On Behalf Of:** TRACY HERMAN
    **Associated Entries:** 09/02/2020 - Order - Special Process Server

**Pet Filed in Associate Ct**
PETITION.

**Judge Assigned**



**IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI**

| Judge or Division:<br>MATTHEW E P THORNHILL | Case Number:<br>2011-AC04215 |
|---|---|
| Plaintiff/Petitioner:<br>TRACY HERMAN | Plaintiff's/Petitioner's Attorney/Address:<br>DOMINIC M PONTELLO<br>PONTELLO LAW LLC<br>406 BOONES LICK RD<br>SAINT CHARLES, MO 63301<br>(636) 869-4170 |
| vs. | |
| Defendant/Respondent:<br>PERFORMANT RECOVERY, INC | Date, Time and Location of Court Appearance:<br>**20-OCT-2020, 09:00 AM** |
| Nature of Suit:<br>AC Other Tort | **DIVISION 12 COURTROOM<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301** |

(Date File Stamp)

## Associate Division Summons

| The State of Missouri to: | PERFORMANT RECOVERY, INC |
|---|---|

Alias:

**333 NORTH CANYONS PKWY<br>STE 100<br>LIVERMORE, CA 94551**

**SERVE AT: CT CORPORATION SYSTEM,<br>R/A<br>120 SOUTH CENTRAL AVE,<br>CLAYTON, MO 63105**

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

| 9/2/2020 | /S/ Cheryl Crowder |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address) in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

2011-AC04215

Electronically Filed - St Charles Circuit Div - August 31, 2020 - 04:59 PM

## IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY
## STATE OF MISSOURI
## ASSOCIATE DIVISION

| | | |
|---|---|---|
| **TRACY HERMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division |
| **PERFORMANT RECOVERY, INC** | ) | |
| | ) | |
| Serve at: | ) | |
| CT CORPORATION SYSTEM, R/A | ) | |
| 120 SOUTH CENTRAL AVE, | ) | |
| CLAYTON, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Tracy Herman, and for her Petition states as follows:

## INTRODUCTION

1.    This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

3.    This Court has jurisdiction of the FDCPA claim under 15 USC § 1692k (d) because the illicit collection activity was directed at Plaintiff in Saint Charles County, Missouri.

## PARTIES

4.    Plaintiff is a natural person currently residing in Saint Charles County, Missouri.

Electronically Filed - St Charles Circuit Div - August 31, 2020 - 04:59 PM

5.      Defendant is a foreign limited liability company with its principal place of business in Livermore, CA.  The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.  Defendant is a private debt collector that attempts to collect tax debt for the Internal Revenue Service.

### *Fair Debt Collection Practices Act*

6.      Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

7.      Specifically, Plaintiff believes the alleged debt arose from a personal tax debt from the Internal Revenue Service.

8.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

9.      Any contract between the IRS and a private collector must prohibit the collector from committing any act or omission that IRS employees are prohibited from committing in the performance of similar duties. 26 U.S.C. § 6306(b)(2).

10.     These prohibitions include communicating at inconvenient times and places; contacting represented debtors (with certain exceptions); calling the debtor at work if the collector knows the debtor's employer prohibits such calls; and various other types of harassment and abuse. See 26 U.S.C. § 6304.

11.     In addition, the IRS Code provides that "[t]he provisions of the Fair Debt Collection Practices Act shall apply to any qualified tax collection contract." 26 U.S.C. § 6306(g).

12.     While the law says that the FDCPA shall apply to the contract, the legislative

Electronically Filed - St Charles Circuit Div - August 31, 2020 - 04:59 PM

history shows that Congress meant by this language that provisions of the FDCPA "apply to the private debt collection company." Conference Rep. No. 108-755 (2004).

## FACTS

13.     Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

14.     Defendant's illicit collection activity consisted of a phone call with Plaintiff involving prohibited communications with a represented party.

15.     On or about March 6, 2020, Defendant sent Plaintiff a collection letter attempting to collect an alleged debt of $7,006.16, allegedly due to the Internal Revenue Service.

16.     Sometime before August 12, 2020, Plaintiff retained the undersigned law firm to file a Chapter 7 Bankruptcy in the Eastern District of Missouri.

17.     On August 12, 2020, Plaintiff called the Defendant to obtain more information about the debt, specifically when the alleged tax debt was due, when it was assessed, and what the principal, interest and penalties were.

18.     The bankruptcy code allows for discharge of certain tax debts that came due at least three years before the bankruptcy filing, that returns were filed for at least two years before the bankruptcy filing, and that were assessed by the IRS a least 240 days before the bankruptcy filing. *See* 11 U.S.C. §§ 507(a)(8), 523(a)(1)

19.     At the beginning of the August 12, 2020 phone call, Defendant stated the call may be recorded and that it was a debt collector, attempting to collect a debt, and that any information obtained will be used for debt collection purposes.

20.     During the August 12, 2020 phone call, Plaintiff informed the Defendant that Plaintiff was filing for bankruptcy within a week and provided Defendant with her attorney's

Electronically Filed - St Charles Circuit Div - August 31, 2020 - 04:59 PM

contact information.

21.     During the August 12, 2020 phone call, after Defendant received notice that Plaintiff was represented by an attorney, Defendant falsely stated that Plaintiff would have to call the IRS's centralized insolvency unit herself to inform them of the bankruptcy, and Defendant stated that Defendant would place a sixty day hold on Plaintiff's account before resuming Defendant's collection attempts.

### *Violations of the FDCPA*

22.     Defendant's statement to Plaintiff that Plaintiff would have to call the IRS herself to inform the IRS of her bankruptcy was false and misleading, in violation of the FDCPA, 15 U.S.C. § 1692e(10), which prohibits false and misleading statements in connection with the collection of a debt.

23.     Specifically, Defendant's statement was false and misleading because Defendant, as the agent of its principal, the IRS, is required to inform its principal of any information material to its agency relationship, including the fact that a consumer is represented by an attorney and intends to file bankruptcy.

24.     Indeed, the FDCPA, 15 U.S.C. §1692c(a)(2), which prohibits a debt collector from continuing its communications with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt, demonstrates the congressional intent to enshrine the well-established imputed knowledge theory of agency law into the FDCPA that knowledge of the agent is imputed to the principal. *See Hennington v. Am. Express Co.*, No. 3:09cv569-DPJ-FKB, 2010 U.S. Dist. LEXIS 29597, at *7 (S.D. Miss. Mar. 29, 2010), *citing* Restatement (Third) of Agency § 5.03 cmt. g (2006).

Electronically Filed - St Charles Circuit Div - August 31, 2020 - 04:59 PM

25.    Defendant's statement that it would place Plaintiff's account on hold for sixty days and then resume its collections attempts was a violation of 15 U.S.C. §1692e(5), which prohibits a debt collector from threatening to take any action that cannot be legally taken.

26.    Specifically, pursuant to the FDCPA § §1692c(a)(2), once Defendant was notified that Plaintiff was represented by an attorney, it was legally required to cease further communications with the Plaintiff.

27.    The only exceptions that § 1692c(a)(2) makes to the requirement that a debtor be contacted through counsel are where (1) the attorney fails to respond within a reasonable time; and (2) the attorney consents to the debt collector's direct communication with the client. 15 U.S.C. § 1692c(a)(2), neither of which exceptions were met with regards to Plaintiff's instant claims.

28.    Defendant's collection activities have caused Plaintiff to incur actual damages including but not limited to stress, anxiety, sleeplessness, and worry.

## COUNT I: VIOLATION OF THE FDCPA

29.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

30.    In its attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. 1692 et. seq., including, but not limited to, the following:

a.    Making a false and misleading statement in connection with the collection of a debt. 15 U.S.C. § 1692e(10).

b.    Falsely threatening to take an action that cannot be legally taken. 15 U.S.C. § 1692e(5).

c.    Using an unfair debt collection practice. 15 U.S.C. § 1692f.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

Electronically Filed - St Charles Circuit Div - August 31, 2020 - 04:59 PM

Defendant for:

A.     Judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages;

C.     Release of the alleged debt;

D.     Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C.

1692(k); and

E.     For such other relief as the Court may deem just and proper.

> Respectfully submitted by,
>
> Pontello & Bressler, LLC
>
> /s/ Dominic M. Pontello
> Dominic M. Pontello, #60947
> Attorney for Plaintiff
> 406 Boones Lick Rd
> St. Charles, MO  63301
> (636) 896-4170
> (636) 246-0141 facsimile
> dominic@pontellolaw.com